**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| THE PROTECT DEMOCRACY PROJECT, INC., 2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, 200 Independence Avenue, SW, Washington, DC 20201,<br><br>Defendant. | ) | Civil Action No. |

**COMPLAINT**

Plaintiff The Protect Democracy Project, Inc. brings this action against Defendant U.S. Department of Health & Human Services to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552. Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

3. Plaintiff The Protect Democracy Project, Inc. is an organization awaiting 501(c)(3) status, incorporated under the laws of the District of Columbia, and headquartered at 2020 Pennsylvania Avenue, NW, #163, Washington, DC 20006. Plaintiff's mission is to protect our democracy from descending into a more autocratic form of government by preventing those in power from depriving Americans of a free, fair, and fully-informed opportunity to exercise

ultimate sovereignty. As part of this mission, Plaintiff seeks to inform public understanding of operations and activities of the government by gathering and disseminating information that is likely to contribute significantly to the public understanding of executive branch operations and activities. Plaintiff regularly requests such information pursuant to FOIA. Plaintiff intends to give the public access to documents transmitted via FOIA on its website, www.protectdemocracy.org, and to provide information about and analysis of those documents as appropriate.

4. Defendant U.S. Department of Health and Human Services is an agency of the executive branch of the federal government of the United States. Defendant is headquartered at 200 Independence Ave., SW, Washington, DC 20201. Defendant has possession, custody, and control of the documents that Plaintiff seeks in response to its FOIA request.

## STATEMENT OF FACTS

5. On February 15, 2017, Plaintiff sent a FOIA request to Defendant seeking the following records:

(1) All formal and informal documents, including but not limited to email communications and memoranda, between and among employees of the Department of Health and Human Services ("HHS") Office of the Secretary and/or Office of Public Affairs and/or the Centers for Medicare and Medicaid Services ("CMS") Office of the Administrator and/or Office of Communications concerning the decision to discontinue advertising for healthcare.gov and/or enrollment in healthcare coverage. The timeframe for this request is January 20, 2017 through February 1, 2017.

(2) All formal and informal documents, including but not limited to email communications and memoranda, between the HHS and/or CMS transition teams and the White House concerning the decision to discontinue advertising for healthcare.gov and/or enrollment in healthcare coverage. The timeframe for this request is January 20, 2017 through February 1, 2017.

(3) All formal and informal documents, including but not limited to email communications and memoranda, between and among employees of the HHS

Office of the Secretary and/or HHS Office of Public Affairs and/or CMS Office of the Administrator and/or CMS Office of Communications concerning the effect of the Trump Administration's decision to discontinue the advertising detailed above on enrollment numbers. The timeframe for this request is January 20, 2017 through February 1, 2017.

(4) All formal and informal documents, including but not limited to email communications and memoranda, between and among employees of the HHS Office of Public Affairs and/or CMS Offices of Communications concerning the article published by *Politico* on January 26, 2017 entitled, "Trump White House Abruptly Halts Obamacare Ads."

(5) All formal and informal documents, including but not limited to email communications and memoranda, between and among employees in the HHS Office of the Secretary and/or HHS Office of Public Affairs and/or CMS Office of the Administrator and/or CMS Office of Communications concerning the number of people who enrolled in healthcare coverage after President Trump took office, which CMS made public on February 3, 2017. CMS reported that approximately 200,000 Americans signed up for coverage in the final two weeks of the open enrollment period. The time-frame for this request is January 20, 2017 through February 6, 2017.

(6) All formal and informal documents, including but not limited to email communications and memoranda, between HHS and/or CMS employees and the White House concerning the number of people who enrolled in healthcare coverage after President Trump took office, which CMS made public on February 3, 2017. CMS reported that approximately 200,000 Americans signed up for coverage in the final two weeks of the open enrollment period. The time-frame for this request is January 20, 2017 through February 6, 2017.

*See* Exhibit A (FOIA request).

6. Plaintiff also requested a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) or 5 U.S.C. § 552(a)(4)(A)(ii)(II). *See* Exhibit A.

7. Plaintiff's request was submitted through Defendant's Online FOIA Public Access Link website. On the same day that the request was submitted, Plaintiff received two emails from Defendant acknowledging receipt of the request and assigning it a case reference number. The next day, Plaintiff received a third email from Defendant, noting that the status of the request had been updated to "Assigned for Processing."

8. On April 6, 2017, Plaintiff received a letter from Defendant acknowledging receipt of the request on February 15, 2017, and stating that a search for documents responsive to the request had been initiated. *See* Exhibit B.

9. Also on April 6, 2017, Benjamin L. Berwick, one of the undersigned counsel for Plaintiff, spoke with Natasha Taylor, a FOIA Officer for Defendant, who represented that the agency had not yet determined which offices, components, or individuals are reasonably likely to have records responsive to Plaintiff's request, and could not yet provide an estimate of how long it will take for Defendant to process the request.

10. Pursuant to FOIA, within 20 business days of receipt of Plaintiff's request – that is, by March 16, 2017 – Defendant was required to "determine . . . whether to comply with such request" and to "immediately notify" Plaintiff of "such determination and the reasons therefor," Plaintiff's right "to seek assistance from the FOIA Public Liaison of the agency," and, in the case of an adverse determination, Plaintiff's appeal rights. 5 U.S.C. § 552(a)(6)(A)(i).

11. To date, Defendant has failed to make the required determination and notifications. Nor has Defendant made a determination regarding Plaintiff's request for a fee waiver.

**<u>COUNT I</u>**
**(Violation of FOIA, 5 U.S.C. § 552)**

12. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

13. Defendant is in violation of FOIA by failing to respond to Plaintiff's request within the statutorily prescribed time limit and by unlawfully withholding records responsive to Plaintiff's request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) Order Defendant, by a date certain, to conduct a search that is reasonably likely to lead to the discovery of any and all records responsive to Plaintiff's request;

(2) Order Defendant, by a date certain, to demonstrate that it has conducted an adequate search;

(3) Order Defendant, by a date certain, to produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption;

(4) Enjoin Defendant from improperly withholding records responsive to Plaintiff's request;

(5) Order Defendant to grant Plaintiff's request for a fee waiver;

(6) Grant Plaintiff an award of attorney fees and other reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E);

(7) Grant Plaintiff such other relief as the Court deems appropriate.

Date: April 28, 2017

/s/ *David J. Sandler*

David H. Bernstein
Bar No. NY0228
dhbernstein@debevoise.com
David J. Sandler
Bar No. 988900
dsandler@debevoise.com
Debevoise & Plimpton LLP
919 Third Ave
New York, NY 10022
212-909-6000

Benjamin L. Berwick (MA Bar No. 679207)
(admission pending)
Counsel, The Protect Democracy Project
2020 Pennsylvania Ave. NW, #163
Washington, DC 20006
Ben.Berwick@protectdemocracy.org
202-599-0466

*Counsel for Plaintiff*